UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

Case No.  **CV 18-06509 SJO (AFMx)**                          Date: 8/7/2018

Title  **Zero Plus Services, Inc. v. Alysia M. Kaempf, et al.**

---

Present: The Honorable:  **S. James Otero, United States District Judge**

| Stephen Montes Kerr | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:  
N/A

Attorneys Present for Defendants:  
N/A

**Proceedings:** (In Chambers)    **ORDER REMANDING MATTER TO STATE COURT**

On July 27, 2018, Zero Plus Services, Inc. ("Plaintiff") instituted unlawful detainer proceedings against Alysia M. Kaempf and Does 1 to 10 ("Defendants") in state court. Defendants have allegedly continued in unlawful possession of the property located at 4701 Natick Avenue #110, Sherman Oaks, CA 91403 ("the Property"). Defendants allegedly entered into a twelve-month lease of the Property on or about February 7, 2018, with rent at $2,495.00 per month. (Compl., ¶ 6.) At the time of the 3-day notice to quit, the rent due by Defendants was allegedly $2,495.00. Plaintiff estimates the fair rental value of the property as $83.16 per day. Plaintiff filed its unlawful detainer complaint in state court after Defendants failed to comply with the notice to quit. Defendant Benjamin Schneider removed the action to this Court on July 27, 2018. Defendant states that this court has jurisdiction under 28 U.S.C. §§ 1332 and 1441 and this action is removable to this court pursuant to 28 U.S.C. §§ 1441(a) and 1343. (Notice of Removal, ¶¶ 5, 6.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Second, subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. And 28 U.S.C. § 1343 provides original jurisdiction for civil rights claims. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Complaint herein contains a single cause of action for unlawful detainer, a state law claim. There is no federal question or civil rights claim on the face of the Complaint (and thus no jurisdiction over a purported civil rights claim under 28 U.S.C. § 1343) even if there is a federal defense to the claim or a counterclaim arising under federal law. *See Caterpillar, Inc.*, 482 U.S. at 392-93. This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint.

Moreover, it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332. The amount demanded on the face of the Complaint is alleged not to exceed $10,000 – well below the statutory threshold of $75,000. The Complaint specifically asserts a claim for past due rent of $2,495, plus ongoing damages at a rate of $83.16 per day. Defendant has made no plausible allegations showing how those damages would exceed $75,000. In addition, the civil cover sheet indicates that all parties are citizens of California.

The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

cc:  Pro Se Defendant